IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

SALVADOR HERNANDEZ §
§
Plaintiff §
§
v. § NO. EP-17-CV-25-MAT
§
NANCY A. BERRYHILL, §
ACTING COMMISSIONER OF THE §
SOCIAL SECURITY ADMINISTRATION §
§
Defendant §

## OPINION

This is a civil action seeking judicial review of an administrative decision pursuant to 42 U.S.C. § 405(g). Plaintiff Salvador Hernandez appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). The parties consented to the transfer of the case to this Court for determination and entry of judgment. *See* 28 U.S.C. § 636(c); Local Court Rule CV-72. For the reasons set forth below, the Commissioner's decision will be **AFFIRMED**.

### I. PROCEDURAL HISTORY

Hernandez was fifty-three years old at the time of his hearing before the Administrative Law Judge ("ALJ"). (R. 60).[1] His job experience includes having worked as a driver for FedEx, a maintenance person, and a line cook. (R. 217). Hernandez filed an application for DIB on December 2, 2013, in which he alleged disability beginning November 15, 2013,[2] due to impairments in both shoulders, a right hand impairment, high blood pressure, a heart condition,

---

[1] Reference to the record of administrative proceedings is designated by (R.[page number(s)]).
[2] The onset date was amended to March 31, 2014, during the administrative hearing. (R. 44).

1

and deep vein thrombosis. (R. 161-65, 200). After his application was denied initially and upon reconsideration, Hernandez requested a hearing. (R. 94-97, 100-02, 110-11). On November 3, 2015, a hearing was conducted before the ALJ. (R. 34-66). On January 12, 2016, the ALJ issued a written decision denying benefits on the ground that Hernandez was capable of performing jobs that exist in significant numbers in the national economy. (R. 15-28). On December 20, 2016, the Appeals Council denied Hernandez's request for review, thereby making the ALJ's decision the Commissioner's final administrative decision. (R. 1-3).

In his written decision, the ALJ found that Hernandez had the following severe impairments: status-post cervical fusion; bilateral shoulder disease; affective disorder; and deep vein thrombosis. (R. 17). The ALJ determined that Hernandez had the residual functional capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b)[3] except that he can, at most: lift and carry 20 pounds occasionally and 10 pound frequently; stand, sit or walk for six hours in an eight-hour workday with normal breaks; occasionally crawl with otherwise unlimited postural movements; never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs; never work around unprotected heights or around dangerous moving machinery; frequently reach and reach overhead bilaterally; and understand, remember, and carryout simple, routine, non-detailed, non-complex work. The claimant additionally can make decisions, and attend and deal appropriately with workplace peers, bosses, and occasional, routine work changes.

(R. 20). Hernandez argues that the ALJ erred by (1) failing to resolve a conflict between the reasoning level articulated in the RFC and that required by the Vocational Expert's ("VE") recommended occupations, and (2) incorrectly relying on assumptions in determining Hernandez's credibility. (Pl.'s Br., ECF No. 24, at 6-9).

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

## II. DISCUSSION

A. STANDARD OF REVIEW

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of "no substantial evidence" will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citation omitted).

In determining whether there is substantial evidence to support the findings of the Commissioner, the Court must carefully examine the entire record, but may not reweigh the evidence or try the issues de novo. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted). If the Commissioner applied the proper legal standards and the findings are supported by substantial evidence, they are conclusive and must be affirmed. *Id.*

B. HERNANDEZ'S CLAIMS

1. *No Conflict Between Reasoning Level Standards*

Hernandez argues that the ALJ failed to resolve a conflict between the RFC

determination and the VE's opinion on which occupations he could perform. In particular, he asserts that his RFC limits him from performing "detailed" work, but all of the VE's suggested occupations are defined as requiring a reasoning level adequate to carry out "detailed" instructions. The Commissioner responds that there is no conflict to resolve.

Hernandez's RFC determination provides that he can "understand, remember, and carryout simple, routine, non-detailed, non-complex work." Based on the VE's testimony, the ALJ found that Hernandez was capable of performing job such as a hand packager (DOT No. 706.684-022), a quality control inspector (DOT No. 221.587-010), and a hand folder (DOT No. 369.687-018). (R. 27). All of these positions have a Department of Labor's Dictionary of Occupational Titles ("DOT") reasoning development level ("RDL") of two which requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DICTIONARY OF OCCUPATIONAL TITLES, App. C (4th ed.1991). "Neither the DOT nor the VE or VS evidence automatically 'trumps' when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information." Social Security Regulation 00-4p, 2000 WL 1898704, at *2.

In *Meissl v. Barnhart*, the district court provided a thorough explanation as to why the term "detailed" as found in the DOT is not interchangeable with the use of "detailed" in the Social Security regulations:

> The Social Security regulations separate a claimant's ability to understand and remember things and to concentrate into just two categories: "short and simple instructions" and "detailed" or "complex" instructions. 20 C.F.R. § 416.969a(c)(1)(iii); see also 20 C.F.R. part 404, subpart P, Appendix 1, Listing 12.00C(3)("You may be able to sustain attention and persist at simple tasks but may still have difficulty with complicated tasks"). The DOT, on the other hand,

4

employs a much more graduated, measured and finely tuned scale starting from the most mundane ("simple one- or two-step instructions" at level one), moving up to the most complex ("applying principles of logical or scientific thinking ... apprehend the most abstruse classes of concepts" at level six). DOT at 1010–1011. To equate the Social Security regulations use of the term "simple" with its use in the DOT would necessarily mean that all jobs with a reasoning level of two or higher are encapsulated within the regulations' use of the word "detail." Such a "blunderbuss" approach is not in keeping with the finely calibrated nature in which the DOT measures a job's simplicity.

Even more problematic [is that the claimant] ignores the qualifier the DOT places on the term "detailed" as also being "uninvolved." This qualifier certainly calls into question any attempt to equate the Social Security regulations' use of the term "detailed" with the DOT's use of that term in the reasoning levels. Instead of simply seeking to equate the two scales based on the serendipity that they happen to employ the same word choice, a much more careful analysis is required in comparing the claimant's RFC with the DOT's reasoning scale.

403 F. Supp. 2d 981, 984 (C.D. Cal. 2005); *see also Adams v. Astrue*, No. 07-CV-1248, 2008 WL 2812835, at *3 (W.D. La. June 30, 2008) ("[T]he use of the word 'detailed' in the DOT is not equivalent to the word 'detailed' as used in the Social Security regulations."); *Zapata v. Colvin*, No. 4:13-CV-340-Y, 2014 WL 4354243, at *10 (N.D. Tex. Sept. 2, 2014) (collecting cases) ("Courts have repeatedly found that jobs with a RDL of 2 are not necessarily inconsistent with limitations to simple instructions and routine tasks.").

There is no conflict between Hernandez's RFC determination that he can "understand, remember, and carryout simple, routine, non-detailed, non-complex work" with the RDL level two requirement that he be able to "[a]pply commonsense understanding to carry out detailed **but uninvolved** written or oral instructions[ and deal] with problems **involving a few concrete variables in or from standardized situations**." Importantly, Hernandez provides no analysis showing how the RFC determination and the identified occupations are in conflict other than saying "someone who is limited to non-detailed and non-complex work cannot perform work that requires an understanding to carry out detailed instructions." (Pl.'s Br., ECF No. 24, at 7);

*see Meissl*, 403 F. Supp. 2d at 984 ("Instead of simply seeking to equate the two scales based on the serendipity that they happen to employ the same word choice, a much more careful analysis is required in comparing the claimant's RFC with the DOT's reasoning scale."). Thus, the Court concludes that the ALJ did not err in adopting the VE's recommended occupations.

2. *The ALJ Appropriately Evaluated Hernandez's Credibility*

Hernandez argues that the ALJ incorrectly relied on assumptions in determining his lack of credibility. Specifically, he asserts that the ALJ inappropriately discounted his credibility regarding (1) the extent of the use of his hands based on an admission that he prepares simple meals such as sandwiches, and (2) the length of time he can sit because he stated that he watches television and reads the paper. The Commissioner responds that the ALJ correctly evaluated Hernandez's credibility based on self-reported activities and inconsistencies in the record. It is well established that the ALJ's credibility determinations regarding a claimant's subjective complaints are entitled to deference. *Brown v. Barnhart*, 372 F. Supp. 2d 957, 972 (S.D. Tex. 2005) (collecting cases).

Several of Hernandez's self-reported activities indicate that he retained significant use of his hands. The ALJ noted that at the hearing, Hernandez amended his original disability onset date from November 15, 2013, to March 31, 2014, due to continued part-time work as a cook, which required him to carry 30 pounds and work on his feet all day. (R. 25). Less than three weeks before his amended onset date of disability, Hernandez stated that he was able to sweep, mop, wash dishes/clothes, shop for groceries, pay bills, and operate a motor vehicle. (R. 23, 592). Subsequent to the amended onset date of disability, an Occupational Therapy Discharge Summary shows that he could independently bathe, use the toilet, dress, groom himself, and eat. (R. 23, 694). In light of the high deference afforded to an ALJ's credibility determination, these

self-reported activities constitute substantial evidence in the record.

Hernandez's argument about his sitting limitations ignores conflicting evidence in the record. During the hearing, Hernandez testified that he could sit down for thirty to forty-five minutes before needing to change positions. (R. 56). This clearly contradicts his claim that he can only sit for fifteen minutes. (R. 25, 235); *see Herrera v. Berryhill*, No. EP-16-CV-00176-ATB, 2017 WL 979077, at *6 (W.D. Tex. Mar. 13, 2017) (citing *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003)) ("[T]he ALJ may discount subjective complaints of pain as inconsistent with other evidence in the record."). Thus, the Court finds that the ALJ did not err in his credibility determination.

### III. CONCLUSION

**IT IS ORDERED** that the decision of the Commissioner will be **AFFIRMED**.

**SIGNED** and **ENTERED** this 22nd day of August, 2018.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE